IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **MARTIN J. WALSH**, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br>   Plaintiff, <br><br> v. <br><br> **HERBERT CONSTRUCTION, INC.**, and **GEORGE D. HERBERT**, Individually <br>   Defendants. | Civil Action No. |

# COMPLAINT

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin Herbert Construction, Inc. and George D. Herbert, individually and as owner/officer of Herbert Construction Inc., (collectively, "Defendants"), from violating Sections 7, 11, 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("Act"). The Secretary also seeks a judgment against Defendants for back-wage compensation, plus an equal amount in liquidated damages, for Defendants' employees.

## JURISDICTION

1. Pursuant to Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and 1345, this Court has jurisdiction over this action.

## DEFENDANTS

2. Defendant Herbert Construction, Inc. (Herbert Construction) was incorporated in Iowa as a corporation with a principal place of business at 918 Division Street, Sioux City, IA,

51105, which is within the venue and jurisdiction of this Court.

3. Herbert Construction is a construction company that concrete and asphalt work, remodeling for commercial businesses and some residential construction.

4. Defendant George D. Herbert is the owner of Herbert Construction and is within the jurisdiction and venue of this Court.

5. George D. Herbert has been actively involved in Herbert Construction's day-to-day operations, including setting employee pay rates, hiring and firing employees, and setting employees' schedules. George D. Herbert acts directly or indirectly in the interest of the Herbert Construction in relation to their employees and meets the definition of an employer under Section 3(d) of the Act.

## SECRETARY'S INVESTIGATION

6. On March 12, 2018, the Secretary, through the Wage and Hour Division, investigated Defendants for potential violations of the Act.

7. The Secretary's investigation analyzed Defendant' pay practices for the period of March 12, 2018 through March 11, 2020. ("Investigation Period").

8. Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

## COVERAGE

9. Defendants are an enterprise under Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose, such as: handling equipment derived from outside the state of Iowa on a regular and recurring bases and moving equipment and materials across state lines.

10. Defendants' employees engage in commerce or in the production of goods for commerce, including handling or otherwise working on goods or materials that have been moved in or produced for commerce, such as construction materials for residential and commercial projects.

11. From 2018, to 2019, Herbert Construction had an annual gross volume of sales made or business done of at least $500,000.

12. Defendants employed the individuals in the attached Appendix A, in an enterprise engaged in commerce or in the production of goods for commerce, during the Investigation Period.

13. Upon information and belief, Defendants have continued to employ employees engaged in commerce or in the production of goods for commerce since the Investigation Period through the present.

## VIOLATIONS

14. Defendants *willfully* violated Sections 7 and 15(a)(2) of the Act by compensating the employees listed in Appendix A at rates less than the statutory premium overtime wage rate required by Section 7 of the Act. Defendants are therefore liable for unpaid overtime wages and an equal amount of liquidated damages under Section 16(c) of the Act.

15. For example, during the Investigation Period, Defendants failed to pay employees in the role of drivers, mechanics, carpenters and clerical workers, one and a half times their regular hourly rates for hours they worked in excess of forty in a workweek, in violation of Section 7 of the Act. Under Sections 7 and 15(a)(2) of the Act, Defendants were required, and failed, to pay these employees one and one-half times their regular rate for hours worked over forty in a workweek.

16. Defendants violated Sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records of their employees, as required by 29 C.F.R. Part 516. For example, Defendants failed to make, keep, and preserve adequate and accurate records of retroactive payments of workers when these workers used banked overtime.

17. As a result of the foregoing, Defendants owe the employees listed in Appendix A compensation for hours worked that were paid at rates less than the rates set forth in Section 7 of the Act.

18. Defendants may owe additional amounts to other of Defendants' employees – whose identities are not now known to Plaintiff – for the Investigation Period and continuing through to the time Defendants demonstrate they are complying with the Act.

19. During the Investigation Period, Defendants continually *and willfully* violated the Act as alleged above. Section 17 of the Act, 29 U.S.C. § 217, specifically authorizes a judgment permanently enjoining and restraining the violations described herein.

## RELIEF

The Secretary prays for a judgment:

(a) Pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of any such judgment, from violating Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act;

(b) Pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid overtime wages, plus liquidated damages, owing to Defendants' employees listed in Appendix A for the Investigation Period; and

(c) Pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid overtime wages, plus liquidated damages, owing to Defendants' employees listed in Appendix A for violations occurring after the Investigation Period, as well as to other of Defendants' employees who may be presently unknown to the Secretary and who are owed unpaid wages for the Investigation Period and violations occurring thereafter.

If the Court does not award liquidated damages as described above in Paragraphs (b) and (c), then the Secretary seeks an injunction pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding all wages found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

Lastly, the Secretary prays for a judgment awarding costs and granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Seema Nanda
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert Van Wijk
Associate Regional Solicitor

*/s/Jessica-Marie Hutchison*
 Trial Attorney
Attorneys for Plaintiff